IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GEORGE RAUDENBUSH, III, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:26-cv-00014 |
| ANGIE LUCKETT, | ) ) | JUDGE CAMPBELL |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff George Raudenbush filed a pro se Complaint alleging violations of his civil rights and the Americans with Disabilities Act. (Doc. No. 1). As explained below, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### I. FILING FEE

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application") indicates that he has $968 monthly income and at least $900 in non-discretionary monthly expenses, plus a notable medical debt. (Doc. No. at 1−2). It therefore sufficiently demonstrates that Plaintiff cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The IFP Application (Doc. No. 2) will therefore be granted. 28 U.S.C. § 1915(a).

### II. INITIAL REVIEW

A. Legal Standard

Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B), the court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To determine whether the Amended Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Amended Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right (2) that was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Amended Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, 87 F.4th at 749.

B. Factual Allegations

Plaintiff alleges that he is a "qualified individual with a disability receiving SSI benefits and is bound by a Religious Vow of Poverty." (Doc. No. 1 at 1) (emphases omitted). He does not specify the nature of his disability. Plaintiff further alleges that his "indigency" is "disability-related." (*Id.* at 2).

2

On February 11, 2026, Plaintiff submitted a lien lis pendens[1] to Defendant Angie Luckett, the Hickman County Register of Deeds, to be recorded against the property at 150 Universal Drive in Centerville, Tennessee. (*Id.* at 1). Defendant refused to record the document because Plaintiff did not pay the $12 recording fee authorized by Tennessee statute. (*Id.* at 2); (Doc. No. 1-1 at 1) (letter from Angie Luckett, citing Tenn. Code § 8-13-111).

Plaintiff alleges that the subject property is a "Federal Interest asset[]."[2] (Doc. No. 1 at 1). He asserts that a proposed sale of the property "will cause irreparable harm to the Plaintiff and the benefit and interest of the U.S. Department of Defense." (*Id.* at 2) (emphasis omitted).

Plaintiff asserts that Defendant's actions violate the Americans with Disabilities Act, as well as his right to due process and right to petition the government. (*Id.*) He seeks a temporary restraining order halting the sale of the property, an injunction requiring Defendant to record the lien Lis pendens, and compensatory and punitive damages. (*Id.*)

C. <u>Analysis</u>

Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted.

First, the Court notes that Plaintiff asserts no factual or legal basis for enjoining the proposed sale of the property at 150 Universal Drive. Indeed, Plaintiff does not allege that Defendant, who is the Hickman County Register of Deeds, has any power to halt the sale. Accordingly, any claim seeking an injunction halting the sale of the property is dismissed for failure to state a claim upon which relief may be granted.

---

[1] "A lien lis pendens applies only to realty that is the subject matter of a lawsuit and described in the complaint. To affect the rights of bona fide purchasers and encumbrancers, an abstract must be registered in the register's office of the county where the realty is located." Tenn. R. Civ. P. 69.07(1).

[2] Documents attached to the Complaint indicate that the property was formerly a National Guard armory. (*See* Doc. No. 1-3 at 1).

The Americans with Disabilities Act provides, as relevant here, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "disability" for purposes of this statute includes

> **(A)** a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> **(B)** a record of such an impairment; or
>
> **(C)** being regarded as having such an impairment (as described in paragraph (3)).

42 U.S.C. § 12102(1).

The Court assumes for purposes of this Order that Plaintiff's disability meets the statutory definition. However, Plaintiff does not allege facts from which the Court may infer that he was discriminated against or denied the any benefit, service, or program *by reason of such disability*. 42 U.S.C. § 12132.

Instead, Plaintiff alleges that he was required to pay a $12 fee to register a lien with the County Register of Deeds. Plaintiff has no right, either under the Americans with Disabilities Act or the Constitution, to avoid paying the $12 fee. *See Hampton v. Hobbs*, 106 F.3d 1281, 1286−88 (6th Cir. 1997) (requirement that indigent prisoners pay civil filing fee does not violate right to due process or right to petition the government). Accordingly, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

The Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's Verified Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 3), Motion for Accommodation Pursuant to the Americans with Disabilities Act (Doc. No. 4), and Motion for Service by the U.S. Marshals Service (Doc. No. 5) are **DENIED** as moot.

This is the final order in this action. The Clerk is directed to enter judgment under Rule 58 of the Federal Rule of Civil Procedure and close the file.

Any appeal would not be brought in good faith, as Plaintiff has no objectively good-faith argument that his claims were improperly dismissed.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE